IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KRISTEN PIERSON,<br><br>          Plaintiff,<br><br>v.<br><br>GOLOCALPROV, LLC, THE FENTON GROUP, LLC, and CLOUDFLARE, INC.,<br><br>          Defendants. | Case No. _____<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Kristen Pierson ("Plaintiff" or "Pierson"), by and through her attorneys, Randazza Legal Group, PLLC, as and for her Complaint against Defendants, GoLocalProv, LLC; The Fenton Group, LLC, and Cloudflare, Inc. ("Defendants"), allege and set forth as follows:

## I. JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

2. This Court has personal jurisdiction over GoLocalProv, LLC, and The Fenton Group, LLC, because they are organized and headquartered in the State of Rhode Island.

3. This Court has personal jurisdiction over Cloudflare, Inc., under R.I. Gen. Laws § 9-5-33 because it directed its tortious activity to and committed its harms in the State of Rhode Island.

4. Venue is appropriate under 28 U.S.C. § 1391(b)(1-3), as Defendants GoLocalProv, LLC, and The Fenton Group, LLC, reside in this district, a substantial part of the events occurred in the district, and Defendants are otherwise subject to this Court's personal jurisdiction.

## II. PARTIES

5. Kristen Pierson is an individual and citizen of Rhode Island.

6. GoLocalProv, LLC ("GLP"), is a Rhode Island limited liability company with a principal place of business at 44 Weybossett Street, in Providence, Rhode Island, 02903. GLP maintains a registered agent for service of process in DarrowEverett LLP, One Turks Head Place, Suite 1200, Providence, Rhode Island 02903.

7. The Fenton Group, LLC ("Fenton"), is a Rhode Island limited liability company with a principal place of business at 44 Weybossett Street, in Providence, Rhode Island, 02903. Fenton maintains a registered agent for service of process in DarrowEverett LLP, One Turks Head Place, Suite 1200, Providence, Rhode Island 02903.

8. Cloudflare, Inc. ("Cloudflare"), is a Delaware corporation with a principal place of business at 101 Townsend Street, San Francisco, California 94107. Cloudflare maintains a registered agent for service of process in 1505 Corporation 1231, Registered Agent Solutions, Inc., 720 14th Street, Sacramento, California, 95814.

### III. FACTS

**A. Pierson created copyrightable photographs and registered them with the U.S. Copyright Office.**

9. Pierson is an award-winning photographer who specializes in event and live-music photography as well as in portraiture.

10. Pierson's business is based on licensing and selling photographs she creates. Pierson's photographs are currently available through her website and on commission. She regularly licenses her images to musicians and politicians, as well as to magazines and other media. Pierson's work has been featured in Rolling Stone, MSN, and the Alternative Press, among numerous other media.

11. Pierson owns all rights to an image of Robert Nardolillo ("Infringing Image"). She registered the Infringing Image with the U.S. Copyright Office and has Copyright Registration No.

VA0001926344 (September 23, 2014).  A copy of Pierson's copyright registration is provided as **Exhibit 1**.[1]

**B.     GLP and Fenton displayed the Infringing Image without license or permission from Pierson and failed to remove the Infringing Image despite notice from Pierson.**

12.   At all relevant times herein, GLP and/or Fenton owned and/or operated the website located at the URL www.golocalprov.com .

13.   At no time have GLP or Fenton had a license or permission to use the Infringing Image.

14.   Notwithstanding the absence of license or permission, GLP and/or Fenton copied the Infringing Image and displayed it at the following URLs:

  a. http://www.golocalprov.com/news/RI-State-Police-Fail-to-Comply-with-GoLocals-38-Studios-Request-Media-com.  **Exhibit 2**.
  b. http://www.golocalprov.com/cache/images/cached/cache/images/remote/http_s3.amazonaws.com/media.golocalprov.com/Harris_Mill_Lofts_Docs._May_2018/38_Studios_Documents/Info_graphic_38_Studios_records_360_374.png.  **Exhibit 3**.
  c. http://www.golocalprov.com/news/new-nardolillo-to-introduce-legislation-state-road-medians.  **Exhibit 4**.
  d. https://www.golocalprov.com/cache/images/cached/cache/images/remote/https_s3.amazonaws.com/media.golocalprov.com/Politics/Bobby_Nardolillo_360_360.png.  **Exhibit 5**.
  e. http://www.golocalprov.com/politics/nardolillo-questions-raimondos-free-college-tuition-plan-not-excluding-ille.  **Exhibit 6**.
  f. http://www.golocalprov.com/business/new-rep.-nardolillo-blasts-raimondo-over-new-tourism-campaign.  **Exhibit 7**.

---

[1] Personal identifying information has been redacted from this Exhibit, and from Exhibits 15, 16, 17, 18, 19, 20, and 21.

    g. http://www.golocalprov.com/politics/new-nardolillo-blasts-raimondo-over-daca-special-treatment. **Exhibit 8**.

    h. https://www.golocalprov.com/cache/images/cached/cache/images/remote/https_s3.amazonaws.com/media.golocalprov.com/Politics/Bobby_Nardolillo_400_400_360_360.png. **Exhibit 9**.

    i. http://www.golocalprov.com/politics/nardolillo-applauds-passing-of-federal-tax-reform. **Exhibit 10**.

    j. http://www.golocalprov.com/politics/nardolillo-blasts-senator-whitehouse-for-government-shut-down. **Exhibit 11**.

    k. http://www.golocalprov.com/cache/images/cached/cache/images/remote/http_s3.amazonaws.com/media.golocalprov.com/Politics/Bobby_Nardolillo_400_400.png. **Exhibit 12**.

15. At no time have GLP or Fenton maintained a designated agent pursuant to 17 U.S.C. § 512.

16. On or about November 1, 2018, Pierson sent a demand to GLP and Fenton to cease and desist their infringement.

17. GLP and Fenton responded that they would not remove the Infringing Image, claiming they had a license from the subject of the photograph.

18. At no time did the subject of the photograph have a license to distribute it to GLP or Fenton or the ability to sublicense it for news or online media publication.

19. Pierson informed GLP and Fenton of their error and reiterated their absence of a license, even going so far as to infringe again on November 25, 2018.

20. Notwithstanding this information, GLP and Fenton persisted in displaying the image.

21. Thus, to the extent they had been innocent infringers previously, any further infringement was necessarily willful.

22. Subsequently, on December 30, 2021, GLP and/or Fenton caused the image to be copied and displayed at the following URLs:

    a.  https://www.golocalprov.com/politics/gop-split-on-representative-morgans-fate-it-may-be-left-to-shekarchi. **Exhibit 13**.

    b.  https://www.golocalprov.com/cache/images/remote/https_s3.amazonaws.com/media.golocalprov.com/Politics/Bobby_Nardolillo_400_400.png. **Exhibit 12**.

23. Further, GLP and Fenton failed to credit Pierson as the author of the Infringing image, instead falsely claiming copyright in everything on the website as being vested in GoLocalProv, and falsely claiming that the image belonged to them in their Terms and Conditions. *See* https://www.golocalprov.com/terms. **Exhibit 14**. ("This Site and all the materials available on the Site are the property of GoLocalProv.com, LLC, and are protected by copyright, trademark, and other intellectual property laws.")

24. On January 12, 2022, counsel for Pierson sent a demand to GLP and Fenton, requesting they cease and desist from infringing and to pay a retroactive license fee. *See* **Exhibit 15**.

25. GLP and Fenton failed to respond to this demand.

**C.**     **Cloudflare displayed the Infringing Image without license or permission from Pierson and failed to remove the Infringing Image despite notice from Pierson.**

26. At all relevant times herein, Cloudflare hosted, displayed, and/or distributed all of the content, including images, on the www.golocalprov.com website.

27. At all relevant times herein, Cloudflare maintained a designated agent pursuant to 17 U.S.C. § 512, with an identified e-mail address of abuse@cloudflare.com.

28. At no time has Cloudflare had a license or permission to use the Infringing Image.

29. On or about November 1, 2018, Pierson sent a notice to Cloudflare, via e-mail to abuse@cloudflare.com, identifying the sixteen instances of infringing use of the Infringing Image on the www.golocalprov.com website, requesting their removal pursuant to 17 U.S.C. § 512(c). *See* **Exhibit 16**.

30. Cloudflare failed to respond to the November 1, 2018, communication, beyond an automated e-mail identifying the correspondence as a DMCA Takedown Notice, report number 1925816. *See* **Exhibit 17**.

31. Cloudflare failed to remove the Infringing Image pursuant to the November 1, 2018, communication.

32. On or about December 13, 2018, Pierson sent a notice to Cloudflare, via e-mail to abuse@cloudflare.com, again identifying the sixteen instances of infringing use of the Infringing Image on the www.golocalprov.com website, requesting their removal pursuant to 17 U.S.C. § 512(c). *See* **Exhibit 18**.

33. Cloudflare failed to respond to the December 13, 2018, communication, beyond an automated e-mail identifying the correspondence as a DMCA Takedown Notice, report number 2043184. *See* **Exhibit 19**.

34. Cloudflare failed to remove the Infringing Image pursuant to the December 13, 2018, communication.

35. Due to the non-response from Cloudflare, and the identification of "amazonaws.com" as part of the URLs that GLP and Fenton used to commit their infringements, Plaintiff could not be certain that Cloudflare facilitated the infringements.

36. Thus, on April 2, 2019, Pierson sent a DMCA takedown notice to Amazon Web Services, LLC, which operates "amazonaws.com" regarding the sixteen instances of infringement.

37. Amazon responded, informing Pierson that the URL resolves to a Cloudflare IP address.

38. In February, 2022, Pierson sent a series of notices to Cloudflare, via e-mail to abuse@cloudflare.com, again identifying the sixteen instances of infringing use of the Infringing Image on the www.golocalprov.com website, requesting their removal pursuant to 17 U.S.C. § 512(c). *See* **Exhibit 20**.

39. Cloudflare failed to respond to the February, 2022, communications, beyond automated e-mails identifying the correspondence as DMCA Takedown Notices, report numbers

9351876, 9351890, 9355779, 9372934, 9373027, 9373195, 9373516, 9375581, 9420030, 9420897, 9421243, 9422221, 9432535, 9439234. *See* **Exhibit 21**.

40. Cloudflare failed to remove the Infringing Image pursuant to the February, 2022, communications.

41. As of the time of filing, the Infringing Image continues to be published by Cloudflare at the URLs indicated in the communications to Cloudflare.

### IV. CAUSES OF ACTION

### COUNT 1: COPYRIGHT INFRINGEMENT—INFRINGING USE

**(Against All Defendants)**

42. Pierson hereby incorporates Paragraphs 1-41 as if fully set forth herein by reference.

43. Pierson is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

44. The Infringing Image is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

45. Pierson has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

46. Pierson registered the copyright in the Infringing Image with the United States Copyright Office.

47. Pierson has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

48. Without the permission or consent of Pierson, the Infringing Image was reproduced by Defendants, derivative works were made from it by Defendants, copies were distributed of it by Defendants, and it was displayed on the www.golocalprov.com website by Defendants.

49. Pierson's exclusive rights in the Infringing Image were violated.

50. Defendants induced, caused, or materially contributed to the infringements.

51. Defendants had actual knowledge of the infringements.

52. Defendants directly infringed Pierson's copyright in the Infringing Image by allowing public access to the Infringing Image on their servers or on servers controlled by them or through access controlled by it to servers controlled by third parties.

53. Defendants acted willfully when they committed the infringements.

54. Defendant CloudFlare, Inc., failed to remove or disable access to, expeditiously or otherwise, the Infringing Image, upon the numerous notifications from Plaintiff of the claimed infringements and CloudFlare is, therefore, liable to Plaintiff pursuant to 17 U.S.C. sec. 512(c)(1)(C).

55. By committing the infringements, Defendants generated income in the form of advertising sales and hosting fees.

56. Defendants have not compensated Pierson for their infringements.

## COUNT 2: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)

**(Against Defendants GoLocalProv, LLC, and The Fenton Group, LLC)**

57. Pierson hereby incorporates Paragraphs 1-56 as if fully set forth herein by reference.

58. Pursuant to 17 U.S.C. § 1202(c)(3), copyright management information includes the name of the copyright owner of a work, including the information set forth in a notice of copyright.

59. At all times relevant herein, the copyright management information appearing on GLP and Fenton's website at www.golocal.prov declared GLP and/or Fenton, not Pierson, was the copyright owner in the notice of copyright in the Infringing Image.

60. Such copyright management information appearing on the website was, therefore, false with respect to the Infringing Image.

61. At all relevant times herein, GLP and Fenton knew they were not the owners of the copyright in the Infringing Image.

62. GLP and Fenton knowingly and intentionally published the said false copyright management information.

63. By publishing and providing the false copyright management information on the website, GLP and Fenton intended to enable, facilitate, and/or conceal their infringements.

64. Such provision of false copyright management information violated 17 U.S.C. § 1202(a).

65. Upon information and belief, GLP and Fenton's acts in violation of 17 U.S.C. § 1202(a) were willful.

66. By reason of GLP and Fenton's violations of 17 U.S.C. § 1202(a), Pierson has sustained and will continue to sustain harm.

67. Further irreparable harm is imminent as a result of GLP and Fenton's conduct, and Pierson is without an adequate remedy at law.

## V. RELIEF REQUESTED

WHEREFORE, Pierson asks this Court to enter judgment against Defendants and Defendants' subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Permanent injunction preventing and restraining infringement of the Infringing Image by Defendants under 17 U.S.C. § 502;

2. Permanent injunction restraining GLP and Fenton from engaging in further violations of 17 U.S.C. § 1202(a) under 17 U.S.C. § 1203(b);

3. An order requiring the destruction of all copies made by or under the control of Defendants of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

4. An award of the actual damages suffered by Pierson as the result of Defendants' infringement plus the profits of Defendants attributable to the infringement under 17 U.S.C. § 504(b);

5. Alternatively, if Pierson so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

6. A judgment that Defendants' infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

7. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505;

8. An award of GLP and Fenton's profits derived from its violations of 17 U.S.C. § 1202(a) and Pierson's actual damages in accordance with 17 U.S.C. § 1203(c)(2);

9. Alternatively, if Pierson so elects, an award of statutory damages for each violation under 17 U.S.C. § 1202 in accordance with 17 U.S.C. § 1203(c)(3)(b);

10. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 1203(b)(4) & (5); and

11. For such other and further relief as may be just and proper under the circumstances.

## VI. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kristen Pierson demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated: June 2, 2022.

Respectfully Submitted,

/s/ Sean M. McAteer
Sean M. McAteer, 4118
203 South Main Street
Providence, RI 02903
(401) 946-9200
Email: summerromance@verizon.net

Marc J. Randazza (*pro hac vice forthcoming*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

- 11 -

        Jay M. Wolman (*pro hac vice forthcoming*)
        RANDAZZA LEGAL GROUP, PLLC
        100 Pearl Street, 14th Floor
        Hartford, Connecticut 06103
        Tel: (702) 420-2001
        Email: ecf@randazza.com

*Attorneys for Plaintiff*
*Kristen Pierson*