IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KRISTEN PIERSON<br><br>Plaintiff,<br><br>v.<br><br>GOLOCALPROV, LLC, THE FENTON GROUP, LLC, and CLOUDFLARE, INC.,<br><br>Defendants. | Case No. 1:22-cv-00219-WES-PAS |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants GoLocal Prov, LLC ("GoLocal Prov") and The Fenton Group, LLC ("Fenton"), (collectively, the "Defendants" or the "Companies") file their Answer and Affirmative Defenses to the Complaint filed by Kristen Pierson ("Plaintiff"). Each numbered paragraph in this Answer responds to the corresponding paragraph in Plaintiff's Complaint.

### I. Jurisdiction and Venue

1.     Paragraph 1 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, the Companies admit that this Court has jurisdiction over Plaintiff's alleged claims.

2.     Paragraph 2 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, the Companies admit that they are organized and headquartered in the State of Rhode Island, and that this Court has jurisdiction over Plaintiff's alleged claims.

3. Paragraph 3 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3; therefore, the Companies leave Plaintiff to her proof.

4. Paragraph 4 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, the Companies admit that venue is proper in this District. The Companies deny the remaining allegations in Paragraph 4.

## II. Parties

5. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint and therefore leave Plaintiff to her proof.

6. The Companies admit the allegations contained in Paragraph 6.

7. The Companies admit the allegations contained in Paragraph 7.

8. Paragraph 8 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3; therefore, the Companies leave Plaintiff to her proof.

## III. Facts

9. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiff's Complaint and therefore leave Plaintiff to her proof.

10. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint and therefore leave Plaintiff to her proof.

11. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint and therefore leave Plaintiff to her proof.

12. GoLocal Prov admits that it owns and operates the website www.golocalprov.com. Fenton denies the allegations in Paragraph 12 as Fenton has no ownership in or control over www.golocalprov.com.

13. The Companies deny the allegations contained in Paragraph 13.

14. GoLocal Prov admits that it displayed the image of Robert Nardolillo that is the subject of this lawsuit on the URLs listed in Paragraph 14. GoLocal Prov denies the remaining allegations in Paragraph 14. Fenton denies the allegations in Paragraph 14 as Fenton has no ownership in or control over www.golocalprov.com.

15. Paragraph 15 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, GoLocal Prov denies the allegations in Paragraph 15. Fenton denies the allegations in Paragraph 15 as Fenton has no ownership in or control over www.golocalprov.com.

16. GoLocal Prov denies having received said correspondence and leaves Plaintiff to her proof as to the allegations in Paragraph 16. Fenton denies the allegations in Paragraph 16 as Fenton has no ownership in or control over www.golocalprov.com.

17. GoLocal Prov denies having received said correspondence and leaves Plaintiff to her proof as to the allegations in Paragraph 17. Fenton denies the allegations in Paragraph 17 as Fenton has no ownership in or control over www.golocalprov.com.

18. GoLocal Prov denies the allegations in Paragraph 18. Fenton denies the allegations in Paragraph 18 as Fenton has no ownership in or control over www.golocalprov.com.

19. GoLocal Prov denies having received said correspondence and leaves Plaintiff to her proof as to the allegations in Paragraph 19. Fenton denies the allegations in Paragraph 19 as Fenton has no ownership in or control over www.golocalprov.com.

20. GoLocal Prov admits that it displayed the image of Robert Nardolillo. GoLocal Prov denies the allegation that said use of this image was unlawful. GoLocal Prov denies the remaining allegations in Paragraph 20. Fenton denies the allegations in Paragraph 20 as Fenton has no ownership in or control over www.golocalprov.com.

21. GoLocal Prov denies the allegations in Paragraph 21. Fenton denies the allegations in Paragraph 21 as Fenton has no ownership in or control over www.golocalprov.com.

22. GoLocal Prov admits the allegations in Paragraph 22. Fenton denies the allegations in Paragraph 22 as Fenton has no ownership in or control over www.golocalprov.com.

23. GoLocal Prov denies the allegations in Paragraph 23. Fenton denies the allegations in Paragraph 23 as Fenton has no ownership in or control over www.golocalprov.com.

24. GoLocal prov admits the allegations in Paragraph 24. Fenton denies the allegations in Paragraph 24 as Fenton has no ownership in or control over www.golocalprov.com.

25. GoLocal Prov denies that it was under any obligation to respond to this demand. Fenton denies the allegations in Paragraph 25 as Fenton has no ownership in or control over www.golocalprov.com.

26. Paragraph 26 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26; therefore, the Companies leave Plaintiff to her proof.

27. Paragraph 27 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27; therefore, the Companies leave Plaintiff to her proof.

28. Paragraph 28 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28; therefore, the Companies leave Plaintiff to her proof.

29. Paragraph 29 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29; therefore, the Companies leave Plaintiff to her proof.

30. Paragraph 30 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30; therefore, the Companies leave Plaintiff to her proof.

31. Paragraph 31 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31; therefore, the Companies leave Plaintiff to her proof.

32. Paragraph 32 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32; therefore, the Companies leave Plaintiff to her proof.

33. Paragraph 33 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33; therefore, the Companies leave Plaintiff to her proof.

34. Paragraph 34 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34; therefore, the Companies leave Plaintiff to her proof.

35. Paragraph 35 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35; therefore, the Companies leave Plaintiff to her proof.

36. Paragraph 36 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36; therefore, the Companies leave Plaintiff to her proof.

37. Paragraph 37 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37; therefore, the Companies leave Plaintiff to her proof.

38. Paragraph 38 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38; therefore, the Companies leave Plaintiff to her proof.

39. Paragraph 39 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39; therefore, the Companies leave Plaintiff to her proof.

40. Paragraph 40 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40; therefore, the Companies leave Plaintiff to her proof.

41. Paragraph 41 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41; therefore, the Companies leave Plaintiff to her proof.

## IV. Causes of Action

### Count One: Copyright Infringement—Infringing Use

42. The Companies incorporate the corresponding responses as if fully restated herein.

43. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Plaintiff's Complaint and therefore deny the same and leave Plaintiff to her proof.

44. The Companies deny the allegations in Paragraph 44.

45. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Plaintiff's Complaint and therefore deny the same and leave Plaintiff to her proof.

46. The Companies are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 46 of the Plaintiff's Complaint and therefore leave Plaintiff to her proof.

47. The Companies deny the allegations in Paragraph 47.

48. GoLocal Prov admits that it displayed the photo of Robert Nardolillo that is the subject of this lawsuit on the www.golocalprov.com website. GoLocal Prov denies the remaining allegations in Paragraph 48. Fenton denies the allegations in Paragraph 48 as Fenton has no ownership in or control over www.golocalprov.com.

49. The Companies deny the allegations in Paragraph 49.

50. The Companies deny the allegations in Paragraph 50.

51. The Companies deny the allegations in Paragraph 51.

52. The Companies deny the allegations in Paragraph 52.

53. The Companies deny the allegations in Paragraph 53.

54. Paragraph 54 is not directed at the Companies, nor do the Companies have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54; therefore, the Companies leave Plaintiff to her proof.

55. The Companies deny the allegations in Paragraph 55. Fenton denies the allegations in Paragraph 55 as Fenton has no ownership in or control over www.golocalprov.com.

56. The Companies deny the allegations in Paragraph 56. Fenton denies the allegations in Paragraph 56 as Fenton has no ownership in or control over www.golocalprov.com.

**Count Two: Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202)**

57. The Companies incorporate the corresponding responses as if fully restated herein.

58. Paragraph 58 is a recital of 17 U.S.C. § 1202(c)(3) which speaks for itself and requires no response.

59. The Companies deny the allegations in Paragraph 59. Fenton denies the allegations in Paragraph 59 as Fenton has no ownership in or control over www.golocalprov.com.

60. The Companies deny the allegations in Paragraph 60. Fenton denies the allegations in Paragraph 60 as Fenton has no ownership in or control over www.golocalprov.com.

61. The Companies admit the allegations in Paragraph 61. Fenton denies the allegations in Paragraph 61 as Fenton has no ownership in or control over www.golocalprov.com.

62. The Companies deny the allegations in Paragraph 62. Fenton denies the allegations in Paragraph 62 as Fenton has no ownership in or control over www.golocalprov.com.

63. The Companies deny the allegations in Paragraph 63. Fenton denies the allegations in Paragraph 63 as Fenton has no ownership in or control over www.golocalprov.com.

64. The Companies deny the allegations in Paragraph 64. Fenton denies the allegations in Paragraph 64 as Fenton has no ownership in or control over www.golocalprov.com.

65. The Companies deny the allegations in Paragraph 65. Fenton denies the allegations in Paragraph 65 as Fenton has no ownership in or control over www.golocalprov.com.

66. The Companies deny the allegations in Paragraph 66. Fenton denies the allegations in Paragraph 66 as Fenton has no ownership in or control over www.golocalprov.com.

67. The Companies deny the allegations in Paragraph 67. Fenton denies the allegations in Paragraph 67 as Fenton has no ownership in or control over www.golocalprov.com.

## V. Relief Requested

The Companies deny all allegations set forth in Plaintiff's "Relief Requested" and deny Plaintiff's requests for relief set forth in Paragraphs 1-11 under its "Relief Requested." The Companies further deny that Plaintiff is entitled to relief for the allegations set forth in its Complaint.

### IX. Jury Demand

No response is required to the allegation contained in Plaintiff's "Jury Demand."

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and all of Plaintiff's rights, claims, and obligations as set forth in the Plaintiff's Complaint, has, or have, by conduct, agreement or otherwise been waived.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs Complaint, and each purported cause of action therein, is barred by the equitable doctrine of laches, because Plaintiff delayed inexcusably and unreasonably in pursuing any alleged claims, causing substantial prejudice to Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff comes to this Court with unclean hands, and is therefore barred from recovery under this Complaint, or any cause of action therein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages, or his claims are barred in whole or in part by the doctrine of "fair use" set forth in "17 U.S.C. § 107 – Limitations on exclusive rights: Fair Use."

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

The claims made in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

**ADDITIONAL DEFENSES**

The Companies reserve the right to amend their Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process, and pursuant to Fed. R. Civ. P 15.

**WHEREFORE**, Defendants request:

1. That judgment be entered in favor of Defendants and against Plaintiff;

2. That the Complaint be dismissed with prejudice;

3. That Defendants be awarded its reasonable attorneys' fees and costs; and

4. That Defendants be granted such other and further relief as this Court may deem just and proper.

**GOLOCALPROV, LLC**
**THE FENTON GROUP, LLC**

By its attorney,

Dated: June 23, 2022

*/s/ Nicholas J. Hemond*
Nicholas J. Hemond (#8782)
DARROW EVERETT LLP
One Turks Head Place
Suite 1200
Providence, RI 02903
(401) 453-1200
nhemond@darroweverett.com

## **CERTIFICATE OF SERVICE**

      I, Nicholas J. Hemond, do hereby certify that a copy of the foregoing Answer and Affirmative Defenses has been filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first-class mail, postage prepaid, to those indicated as non-registered NEF participants.

                                      */s/ Nicholas J. Hemond*
                                      Nicholas J. Hemond, Esq.