## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KRISTEN PIERSON,<br><br>Plaintiff,<br><br>v.<br><br>GOLOCALPROV, LLC, and THE FENTON GROUP, LLC,<br><br>Defendants. | Case No. 1:22-cv-00219-WES-PAS<br><br><br>**JOINT REPORT OF RULE 26(f) CONFERENCE** |

Pursuant to the Notice of Rule 16(b) Scheduling Conference (Doc. No. 16) and Fed. R. Civ. P. 26(f), the parties hereby submit their Report thereof, as follows:

The parties met and conferred telephonically on August 15, 2022.  Attorney Jay Wolman appeared for Plaintiff and Attorney Nicholas Hemond appeared for Defendants.

Pursuant to Fed. R. Civ. P. 26(f), the parties considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; arranged for the disclosures required by Rule 26(a)(1); discussed any issues about preserving discoverable information; and developed a proposed discovery plan.

Pursuant to the Scheduling Conference Notice, the parties conferred regarding exchanging relevant information and documents; identifying the facts that are in dispute; identifying the legal issues; identifying as precisely as possible the nature of the discovery contemplated by each party; exploring the possibility of settlement before substantial expenditures of time and money are made; and possible referral to Alternative Dispute Resolution.

In connection herewith, the Parties submit their proposal for the Pretrial Order.

## DISCOVERY PLAN

(A)     <u>What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;</u>

No changes to the timing, form, or requirement for disclosures is proposed, except that initial disclosures will be made by **September 7, 2022**.

(B)     <u>The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;</u>

1.  Discovery will be needed on the following subjects, without limitation:

    - Any rights of Robert Nadolillo to license the image;
    - Defendant's knowledge of their alleged infringement;
    - The relationship between the Defendants, including the ownership and control of the website;
    - Revenue derived from the use of the image on the website; and
    - Plaintiff's damages.

2.  The parties do not believe discovery should be conducted in phases or otherwise limited or focused.

3.  All factual discovery will be closed by **February 24, 2023**.

4.  All expert discovery will be closed by **May 24, 2023.**

5.  Plaintiff shall make its expert witness disclosures as required by F. R. Civ. P. 26(a)(2) by **March 10, 2023**.

6.  Defendant shall make its expert witness disclosures as required by F. R. Civ. P. 26(a)(2) by **April 10, 2023.**

(C)     <u>Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;</u>

The parties are unaware of any issues about disclosure, discovery, or preservation of electronically stored information. The parties agree that all electronically stored information ("ESI") should be produced in its native format, with all unaltered metadata associated with such

ESI produced therewith.  The parties may also produce Bates-stamped versions of ESI to facilitate the discovery process and trial, but this shall in no way exempt a party from producing the native ESI as well.

(D)  Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties are unaware of any issues of claims of privilege or of protection as trial-preparation materials.  To the extent necessary, the parties agree to confer and make a good faith effort to jointly propose a protective order to facilitate the disclosure of information.  In the event of inadvertent disclosure of privileged or protected materials, the disclosing party shall give the receiving party prompt notice of same, and the receiving party shall not use such material in a manner inconsistent with the nature of the privilege or protection except as permitted by Court order.

(E)  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

The parties propose no changes to the limits on discovery under the rules.

(F)  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

1. That the parties are authorized to conduct remote depositions without further leave of court.

2. Dispositive motions shall be filed by **August 24, 2023**.

3. Counsel shall file electronically, **30 days after a decision** on any dispositive motion, or, if no dispositive motions are filed, by **September 25, 2023**, a pretrial memorandum which shall contain the following information.

Dated: September 22, 2022

Respectfully Submitted,

/s/ Sean M. McAteer
Sean M. McAteer, 4118
203 South Main Street
Providence, RI 02903
Tel: (401) 946-9200
Email: summerromance@verizon.net

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Plaintiff,*
*Kristen Pierson*

/s/ Nicholas J. Hemond
Nicholas J. Hemond (#8782)
DARROW EVERETT LLP
One Turks Head Place
Suite 1200
Providence, RI 02903
Tel: (401) 453-1200
Email: nhemond@darroweverett.com

*Attorney Defendants,*
*GoLocalProv, LLC and*
*The Fenton Group, LLC*

Case No. 1:22-CV-00219-WES-PAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Sean M. McAteer
Sean M. McAteer, 4118